**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CHARLES CLAY WILSON, ID # 521150,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:15-CV-0194-G (BH)** |
| | ) | |
| **WILLIAM STEPHENS, Director,** | ) | |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, this case should be transferred to the Fifth Circuit Court of Appeals.

## I.  BACKGROUND

Charles Clay Wilson (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed this petition for habeas corpus relief under 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID.

On September 6, 1989, Petitioner was convicted of theft in Cause No. F89-96891-VR, and received a forty-five year sentence. (doc. 3, at 2.) The court of appeals affirmed his conviction on September 20, 1990, and the Texas Court of Criminal Appeals later denied a state petition for writ of habeas corpus. (*Id.* at 3-4.) The Texas Court of Criminal Appeals recently entered an order finding that Petitioner had filed six prior applications for relief under Article 11.07 challenging this same conviction and barring him from filing any further petitions, "unless Applicant is able to show in such an application that any claims presented have not been raised previously and that they could

not have been presented in a previous application for writ of habeas corpus." *Ex parte Wilson,* No. WR-14,884-10 (Tex. Crim. App. Nov. 26, 2014).

In August 1996, Petitioner filed a § 2254 petition in federal court challenging the theft conviction on grounds that he was convicted on a defective indictment; he received ineffective assistance of counsel when his attorney failed to file a motion to quash; and the trial court failed to instruct the jury on the law of the parties. *See Wilson v. Johnson*, No. 3:96-CV-2271-H (N.D. Tex.) (findings, conclusions, and recommendation at 2-3). The Court denied the petition on January 25, 1999. *Id.* (Judgment). In 2003, Petitioner filed another § 2254 petition, claiming that the State presented insufficient evidence to support his conviction and that his sentence is illegal because the value of the property makes the crime a misdemeanor. *See Wilson v. Dretke,* No. 3:03-CV-3015-R, 2005 WL 1017829, *1 (N.D. Tex. April 28, 2005), *adopted by*, 2005 WL 1163314 N.D. Tex. May 16, 2005). The Court determined that the § 2254 petition was successive and transferred it to the Fifth Circuit. *Wilson,* 2005 WL 1163314, at *1.

On January 20, 2015, Petitioner filed this third § 2254 petition again challenging the same conviction. (doc. 3, at 2.) He fails to acknowledge the prior § 2254 cases. (doc. 3, at 8.) He claims that the former Dallas County Clerk altered or falsified court papers, the grand jury engaged in malfeasance with the prosecutor in returning a true bill, the jury foreman read the verdict outside his presence, and his trial attorney provided ineffective assistance of counsel. (doc. 3, at 6-7, attachment pages.)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian*

*Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction."  *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals.  *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).  A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[1]  A second petition is not successive, however,  if the prior petition was dismissed due to prematurity or for lack of exhaustion.  *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies).  Otherwise, "dismissal of a first

---

[1]  Although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

3

habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, Petitioner challenges the same 1989 conviction that he challenged in his prior federal petitions. Under *Hardemon* and *Crone*, he was required to present all available claims in his first federal petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same conviction challenged in this case. Here, his petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in the 1996 federal petition.

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(c). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* §

2244(b)(2).  Before Petitioner files his application in this Court, a three-judge panel of the Fifth

Circuit Court of Appeals must determine whether the application makes the requisite prima facie

showing.  *See id.* § 2244(b)(3)(A) and (B).

Because the Fifth Circuit has not issued an order authorizing the district court to consider

this successive application for habeas relief, this Court lacks jurisdiction over this action.

## III.  RECOMMENDATION

The petition for writ of habeas corpus filed under 28 U.S.C. § 2254 should be

**TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson*

*v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 23rd day of April, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in
the manner provided by law.  Any party who objects to any part of these findings, conclusions and
recommendation must file specific written objections within 14 days after being served with a copy.
*See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify
the specific finding or recommendation to which objection is made, state the basis for the objection,
and specify the place in the magistrate judge's findings, conclusions and recommendation where the
disputed determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate
judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See*
*Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE